IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEON MAR´KEL WINSTON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 22-133-RAW-KEW |
| ) | |
| CARRIE BRIDGES, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction in Sequoyah County District Court Case No. CF-2008-458 for First Degree Murder, raising the following grounds for relief:

I. This court lacked subject matter jurisdiction because the offense occurred in Indian Country and 18 U.S.C. § 1153 provides for exclusive federal jurisdiction. *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020).

II. The District Court of Sequoyah County erred when the court denied Petitioner post-conviction relief without providing "Findings of Facts and Conclusions of Law" for each proposition, as required by Okla. Stat. tit. 22, § 1084.

III. The trial court committed prejudicial error in admitting the evidence that was collected by O.S.B.I. Agent Shawn Ward, which violated Mr. Winston's constitutional rights for a fair trial according to the Fourth Amendment due process rights.

IV. The trial court committed prejudicial error in admitting the evidence that was mishandled by the O.S.B.I. Technical Manager of Biology. Janice Josline violated Petitioner's constitutional rights for fair trial, according to the Fourth Amendment due process rights.

V. The trial court committed prejudicial error in admitting the results of Petitioner's DNA test into evidence on the basis that the test violated his Fourth Amendment rights as it was not justified without a search warrant.

VI. The trial court abused its discretion, thereby depriving Petitioner of his rights to a fair trial, due process of law, and equal protection of law, as guaranteed under the Sixth and Fourteenth Amendments to the United States Constitution and Article 2, Sections 7 and 20 of the Oklahoma Constitution.

VII. Trial counsel rendered ineffective assistance of counsel, thereby depriving Petitioner of his Sixth and Fourteenth Amendment rights to the United States Constitution and corresponding rights under Article 2 Sections 7 and 20 of the Oklahoma Constitution. The trial court abused its discretion, thereby denying Petitioner of his rights to due process of law and to equal protection of the law.

VIII. Cumulative error deprived Petitioner of his rights to a fair trial effective assistance of trial and appellate counsel and to due process of law.

IX. Petitioner was denied his constitutional rights to effective assistance of trial counsel, when both trial counsel and the assistant district attorney failed to disclose their personal relationship, which hindered trial counsel's performance during trial.

(Dkt. 1 at 4-5).

Respondent alleges this Court lacks subject matter jurisdiction to consider the petition, because it is second and successive. The record shows that on July 26, 2017, Petitioner filed in this Court a habeas corpus petition in Case No. CIV 17-290-RAW-KEW, challenging his conviction in Sequoyah County Case No. CF-2008-458, which is at issue in this action (Dkt.

11-8). On August 9, 2018, this Court dismissed Case No. CIV 17-290-RAW-KEW as barred by the statute of limitations (Dkt. 11-9). On November 20, 2018, the Tenth Circuit Court of Appeals denied Petitioner a certificate of appealability in Case No. 18-7038 (Dkt. 11-10). On January 1, 2019, the Tenth Circuit denied Petitioner's petition for rehearing (Dkt 11-11), and on October 7, 2019, the Supreme Court of the United States denied Petitioner's petition for a writ of certiorari in Case No. 18-9207 (Dkt. 11-12).

On April 9, 2021, Petitioner filed a second application for post-conviction relief in Sequoyah County District Court Case No. CF-2008-458, alleging seven propositions (Dkt. 11-13). On April 15, 2021, he filed a "supplemental brief for post-conviction relief and request to vacate and set aside the judgment and sentence because the court lacked subject matter jurisdiction" (Dkt. 11-14). The supplemental brief alleged "Petitioner, and/or one or more of his victims are a member of the Indian Nation. This offense occurred in Sallisaw, Sequohay County, Oklahoma, within 'Indian Country.'" (Dkt. 11-14 at 5) (spelling and syntax in original, emphasis omitted). He, therefore, asserted the State lacked subject matter jurisdiction over his case. *Id.* at 6. On November 8, 2021, the Sequoyah County District Court denied Petitioner's second application for post-conviction relief (Dkt. 11-15). On April 1, 2022, the Oklahoma Court of Criminal Appeals issued an order affirming the denial of the second post-conviction application in Case No. PC-2021-1360 (Dkt. 11-16). The appellate court found that "[a]ll issues that were previously raised and ruled upon in direct appeal proceedings or previous post-conviction proceedings are barred as *res judicata*, and

3

all issues that could have been raised in those previous proceedings but were not are waived, and may not be the basis of a subsequent post-conviction application." *Id.* at 2 (citations omitted).

Respondent alleges that pursuant to 28 U.S.C. § 2244(b), this Court has no jurisdiction to consider Petitioner's present petition and should thus dismiss it (Dkt. 10). Although this Court could transfer the petition to the Tenth Circuit for consideration, such a transfer would be unwarranted, because Petitioner fails to meet his burden of making a prima facie showing that he satisfies the AEDPA criteria to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2)-(3). Furthermore, it has been approximately six years since Petitioner's statute of limitations expired under the AEDPA, and five years since this Court previously determined that Petitioner's 2017 petition was untimely. The second petition is even more untimely than the first. Consequently, it would be a waste of judicial resources to transfer Petitioner's Petition to the Tenth Circuit for authorization to file a second or successive petition.

Section 2244(b) states:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

4

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> . . .

28 U.S.C.A. § 2244(b).

Because this is Petitioner's second habeas corpus petition challenging his conviction in Sequoyah County District Court Case No. CF-2008-458, it is a second or successive petition. In addition to omitting the fact that this is his second attempt to seek habeas corpus relief, Petitioner does not demonstrate that he received prior approval from the Tenth Circuit to file a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). Nor did a Tenth Circuit docket search by the undersigned reveal any request for or grant of authorization to file. Therefore, under 28 U.S.C. § 2244(b), the present Petition should be dismissed, as Petitioner has neither sought nor received authorization from the Tenth Circuit to proceed. Therefore, this Court has no jurisdiction to consider the merits of the petition. *See In re*

*Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . claim until this court has granted the required authorization."); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

Petitioner also has failed to show that the factual basis for his claim was undiscoverable by the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). He clearly is aware of the location of his crime, however, he makes no effort to explain how or when he became aware of the facts supporting his claim that the crime scene was located in Indian Country. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (Petitioner Preston clearly was aware of the factual basis of his claim years before he filed his habeas petition, and thus nothing in the new cases he relied upon "alerted Preston to any *factual* basis for his claim" such that § 2244(d)(1)(D) applied) (emphasis in original). The mere fact that Petitioner raises a claim regarding the State's prosecutorial authority in his second or successive petition does not exempt the petition from the requirements set forth in 28 U.S.C. § 2244(b). *See Hunter v. Pettigrew*, No. 20-CV-0367-TCK-JFJ, 2021 WL 1873460, *3 (N.D. Okla. Apr. 2, 2021) (unpublished) (rejecting a second or successive habeas petition alleging the State of Oklahoma lacked prosecutorial authority in light of *McGirt*, "[b]ecause Hunter did not obtain the requisite permission to file a second § 2254 petition challenging the judgment and sentence entered against him in [the state district court]," resulting in "an unauthorized second § 2254 habeas petition that must be dismissed . . . for lack of

6

jurisdiction").

The Tenth Circuit Court of Appeals has denied authorization to file a second or successive habeas application based on similar jurisdictional claims in at least two recent unpublished orders. In *In re Davis*, No. 21-7030-RAW-KEW (10th Cir. July 6, 2021), the Tenth Circuit considered a habeas petitioner's request for authorization to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(2)(A), to raise an Indian Country claim based on *McGirt*. The Tenth Circuit rejected the petitioner's argument and reasoned, "We may grant authorization if Mr. Davis shows that his 'claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2244(b)(2)(A). He has not made this showing." *Id.* at 2. *See also In re Morgan*, No. 20-6123 (10th Cir. Sept. 18, 2020) (same; second or successive petition based upon *McGirt* was unauthorized where "the Supreme Court has not held that *McGirt* is retroactive") (Dkt. 11-18 at 4).

It is Petitioner's burden to demonstrate that he satisfies the criteria for filing a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."). The present petition is unauthorized, because Petitioner failed to seek authorization from the Tenth Circuit to file it, pursuant to 28 U.S.C. § 2244(b)(3)(A). His failure to obtain authorization is undisputed, leaving only the question of whether to dismiss

the petition for lack of jurisdiction or, "if it is in the interest of justice," transfer the petition to the Court of Appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008). As stated above, however, it would be a waste of judicial resources to require the transfer of a frivolous, time-barred case. *Id*. at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

Petitioner alleges in his response to the motion to dismiss that he is actually innocent of the crime (Dkt. 12). He complains the evidence was mishandled and tampered with by the state's expert witness, and hearsay evidence was admitted concerning DNA testing. He apparently has not raised this claim in the state courts, but states his procedural default should be excused because of his ineffective assistance of counsel.

As with Petitioner's claims in his petition, the Tenth Circuit has not authorized the filing of a second or successive habeas petition to raise these additional issues. *See* 28 U.S.C. § 2244(b). Further, a time-barred petitioner asserting a claim of actual innocence must "support his allegations of constitutional error with new reliable evidence--whether it is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner clearly has failed to meet this burden.

After careful review, Court finds Petitioner's present petition is untimely, and transferring it to the Tenth Circuit would be a waste of judicial resources. Thus, Respondent's motion to dismiss the petition as second or successive (Dkt. 10) is GRANTED.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 10) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 9th day of February 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA